Argued and submitted December 13, 1995, reversed and remanded in part;
otherwise affirmed July 17, 1996

# William F. CLARK,
*Appellant,*

*v.*

# CITY OF ALBANY,
a municipal corporation,
*Respondent.*

(94 1081; CA A87915)

921 P2d 406

Edward F. Schultz argued the cause for appellant. With him on the briefs was Weatherford Thompson Quick & Ashenfelter, P.C.

James V. B. Delapoer argued the cause for respondent. With him on the brief was Long Delapoer Healy & McCann, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff William F. Clark appeals a judgment dismissing his complaint arising out of defendant City of Albany's (the city) failure to approve his application for annexation of his property. We affirm in part and reverse in part.

The complaint alleges the following facts. Clark owns a parcel of property, a portion of which is located within the Albany city limits. Clark applied to the city to have the balance of his parcel annexed to facilitate a proposed motel, restaurant and recreational vehicle park development. The city accepted the application but refused to approve it unless Clark consented to various conditions, principally the construction of a 70-foot-wide roadway, at his expense, through the annexed property. Clark agreed to all conditions except the construction of the roadway. The city informed Clark that, if he would consent to that condition, it would approve his application for annexation. When Clark refused, the city decided to table the matter indefinitely, pending the completion of an area-wide transportation and infrastructure study.

On the basis of the foregoing facts, Clark asserted two claims. In his first claim, Clark petitioned for a writ of mandamus under ORS 227.178(7), which provides that, subject to exceptions not pertinent to this case,

"if the governing body of the city or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete:

"* * * * *

"(b)  The applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval."

In his second claim, Clark requested a declaration that the city could not lawfully deny his application for annexation, that it could not lawfully condition the approval of the annexation application and that the city's attempt to do so effected an unconstitutional taking of property and a denial of his

constitutional rights to due process and equal protection of the law.

The city moved to dismiss the action in its entirety under ORCP 21 A(8). Concerning the mandamus action, the city argued that ORS 227.178(7) applies only to compel decisions on applications for a permit, a limited land use decision or a zone change, none of which is involved in this case. Concerning the declaratory judgment claim, the city argued that the decision not to annex is a legislative decision that is not reviewable by the courts. The trial court agreed as to both arguments and granted the city's motion. Clark assigns error to the court's decision, which resulted in the dismissal of both the mandamus and declaratory judgment claims.

■ We first address Clark's argument that the trial court erred in dismissing the mandamus action. Clark concedes that ORS 227.178(7) applies only to applications for a "permit, limited land use decision or zone change." Nevertheless, he contends that the statute applies to this case, because his application for annexation was an application for a "permit" within the meaning of the statute. According to Clark, ORS 227.160(2) provides that the term "permit" means "discretionary approval of a proposed development of land." He contends that, because the city knew that the reason for his application for annexation was to facilitate the development of his land, his application should be considered a request for the issuance of a "permit" within the meaning of the statute. The city argues that Clark's application for annexation cannot correctly be understood to be a "permit" within the meaning of the statute. According to the city, "annexation" refers not to development itself, but to the determination of which governmental authority will have jurisdiction to determine whether development will be allowed.

■ The disposition of the parties' arguments requires us to construe the terms of ORS 227.178, specifically the term "permit" as it is used in that statute. In doing so, we attempt to ascertain the intentions of the legislature, looking first and foremost to the language enacted by the legislature in its context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In this case, the term "permit" is statutorily defined as "discretionary approval of a proposed

development of land." The question before us is whether annexation is "discretionary approval of a proposed development of land."

"Annexation" is ordinarily taken to mean "the acquisition of territory or land by a nation, state or municipality; the legal incorporation of a town or city into another town or city." *Black's Law Dictionary* 88 (6th ed 1990). The term does not encompass "development" of the land or any other particular decision as to the specific uses to which land may be put; it establishes merely which governmental authority has jurisdiction over the development of the land.

The various statutes concerning annexation confirm that the term does not ordinarily mean approval of a request to develop land. In particular, ORS chapter 222, which describes the procedures by which cities may annex land contiguous to their boundaries, consistently uses the term in its generally-understood sense. ORS 222.111(1), for example, provides that

> "the boundaries of any city may be extended by the annexation of territory that is not within a city and that is contiguous to the city[.]"

Clearly, the term is used to describe the process of extending boundaries, not defining permissible or permitted uses of the land. *See also Water, Park & Rec. Dist. v. City*, 8 Or App 290, 294, 492 P2d 812 (1972) (" 'annexation' means the incorporation of land within the boundaries of a city or district").

Clark does not appear to contest the ordinary meaning of the term of annexation. Rather, he insists that, because the city knew that his request for annexation was a step in the process of developing his land, it should be considered a "permit" request within the meaning of the statute. It does not necessarily follow, however, that merely because the city knew of Clark's ultimate plans for his land that the decision whether to annex is itself "approval of a proposed development of land." Clark's application for annexation could well have been approved but his ultimate development denied for any number of reasons. We conclude that an application for annexation of property is not a "permit" application within the meaning of ORS 227.178(7). Accordingly, the trial court

did not err in dismissing Clark's claim brought under that statute.

■　We turn to Clark's argument that the trial court erred in dismissing his claim for declaratory judgment. Clark argues that the trial court's decision was based on a misapprehension of the nature of his claim. He observes that the trial court based its decision on the notion that whether or not a city decides to annex is a legislative act that is beyond the authority of courts to review. He then points out that nowhere in his declaratory judgment claim did he request the court to declare that he is entitled to approval of his annexation application. Instead, he contends, he asked the court to declare the extent to which the city violated statutory and constitutional rights by attempting to force him to dedicate a portion of his property as a condition of approval. That, he concludes, has nothing to do with the ultimate decision whether or not to annex, and thus presents a justiciable controversy. The city does not really address Clark's arguments. It argues instead that "the trial court was correct in holding that it lacked jurisdiction to compel or require an annexation."

■　As a rule, an action for declaratory judgment may not be dismissed for failure to state a claim. If the complaint presents a justiciable controversy, a motion to dismiss brought under ORCP 21 A(8) should be denied. *Advance Resorts of America, Inc. v. City of Wheeler*, 141 Or App 166, 180, 917 P2d 61 (1996); *Reynolds v. State Board of Naturopathic Exam.*, 80 Or App 438, 441-42, 722 P2d 739 (1986). A controversy is "justiciable"

> "where there is an actual and substantial controversy between parties having adverse legal interests. The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue."

*Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982) (citation omitted).

　In this case, Clark has alleged that the city informed him that it would have approved his application for annexation but for his refusal to agree to construct the roadway through the property. He has further alleged that the city's

attempt to exact that condition from him as a prerequisite for approval is unlawful. Those allegations concern the actions of parties with adverse legal interests and involve present, non-hypothetical facts. Thus, Clark's complaint does present a justiciable controversy.

The city's arguments are beside the point. They proceed, as Clark contends, from a false premise, namely, that Clark is asserting in his declaratory judgment claim a right to outright approval of his application. As to that claim, the complaint prays for no such relief. Instead, it asks for a declaration as to whether or not the city imposes conditions on annexing Clark's property by promising approval if he agrees to construct a roadway at his expense. Thus, whether or not the city ultimately denies the application is immaterial to Clark's claim; the sole question is whether it can lawfully condition its approval as Clark has alleged that it did. We express no opinion on the merits regarding that question. We conclude, however, that the question is justiciable and that the trial court therefore erred in dismissing Clark's declaratory judgment claim.

Judgment dismissing declaratory judgment claim reversed and remanded; otherwise affirmed.