Argued and submitted October 29, 2019, affirmed October 21, 2020

STATE ex rel Larry KINE,
an individual,
*Relator-Appellant,*

*v.*

DESCHUTES COUNTY,
a municipal corporation,
*Defendant-Respondent,*

*and*

WIDGI CREEK HOMEOWNERS ASSOCIATION,
Elkai Woods Homeowners Association, and
Elkai Woods Fractional Homeowners Association,
*Intervenors-Respondents.*

Deschutes County Circuit Court
18CV03728; A168165

477 P3d 417

Relator-appellant Kine applied to Deschutes County for a determination that some land in which Kine held an interest constituted 11 legal lots of record. His application was rejected and he appealed. After the county failed to make a final determination on Kine's appeal within 150 days, Kine initiated this land-use mandamus proceeding under ORS 215.429, in which he sought to compel the county to approve his application. Three homeowners' associations (HOAs) intervened and, on their motion, the trial court dismissed the proceeding for lack of jurisdiction. It later entered a supplemental judgment awarding attorney fees to the HOAs. Kine appeals, challenging the judgment of dismissal and the fee award. He argues that (1) mandamus relief is available for his legal-lot-of-record determination because that determination is essentially a "permit" within the meaning of ORS 215.429 and (2) the trial court erred in failing to apply the required factors under ORS 20.075(1) to assess whether to award attorney fees. *Held*: The trial court did not err in dismissing the proceeding. Kine's application was not a "permit" within the meaning of ORS 215.429, because it did not seek approval for a proposed development of land as required by that statutory scheme. Kine's fee award contention was unpreserved.

Affirmed.

Stephen P. Forte, Judge.

Christopher P. Koback argued the cause for appellant. Also on the briefs was Hathaway Larson LLP.

Michael H. McGean argued the cause for respondents Widgi Creek Homeowners Association, Elkai Woods Homeowners Association, and Elkai Woods Fractional Homeowners Association. Also on the brief was Francis Hansen & Martin LLP.

No appearance for respondent Deschutes County.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

In this land-use mandamus proceeding initiated under ORS 215.429, relator-appellant Larry Kine appeals a general judgment dismissing his petition for lack of subject-matter jurisdiction. He also appeals a supplemental judgment awarding attorney fees to respondents on appeal, which are three homeowners' associations (HOAs) that intervened in the trial court. We affirm.

Kine holds an interest in land formerly owned by the federal Bureau of Land Management (BLM). At the time the BLM owned it, the land in question was contained in four larger tracts. With the permission of other parties holding ownership interests in land also originally contained within those four tracts, Kine applied to Deschutes County for a determination that the land in which Kine and those other parties held interests constituted 11 legal lots of record under Deschutes County Code 18.04.030A.

The county, through a hearings officer, initially rejected the application but Kine appealed. The county then failed to make a final determination on Kine's appeal within 150 days of the date it was deemed complete. Kine thereafter initiated this land-use mandamus proceeding under ORS 215.429 in which he sought to compel the county to approve his application.[1] The HOAs intervened, and, on their motion, the trial court dismissed the proceeding for lack of jurisdiction. The court reasoned that the type of decision that the county was called to make by Kine's application was not the type of decision for which mandamus under ORS 215.429 is available. It later entered a supplemental judgment awarding attorney fees to the HOAs.

---

[1] ORS 215.429 directs a court to compel a county to grant certain types of land-use approvals when the county has not acted on an application within a specified time frame unless the county or an intervenor in the proceeding "shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as those terms are defined in ORS 197.015." ORS 215.429(5). As we have explained, "the precise effect of the mandamus remedy provided by ORS 215.429 *** is to convert what otherwise would have been a discretionary land use decision for a local government into a mandatory approval when the local government does not timely make a final decision." *State ex rel Schrodt v. Jackson County*, 262 Or App 437, 449, 324 P3d 615 (2014).

On appeal, Kine challenges both the judgment of dismissal and the supplemental judgment awarding attorney fees. On the first point, he contends that the determination that the land in question constituted 11 legal lots of record is the sort of decision for which mandamus relief is available under ORS 215.429, contrary to the trial court's conclusion. On the second point, Kine argues that the court's decision to award attorney fees "does not reflect that it applied the required factors [under ORS 20.075(1)] to assess whether to award attorney fees" under ORS 34.210. The HOAs respond that a legal-lot-of-record determination is not a decision for which mandamus relief is available under the terms of ORS 215.429. They argue further that Kine did not preserve his contention that the court's discretionary decision to award attorney fees does not adequately reflect consideration of the ORS 20.075(1) factors, and that the court's award of fees was otherwise within its discretion.

We start with the trial court's decision to dismiss the petition. The issue is whether the court correctly concluded that a lot-of-record determination is not the type of decision for which mandamus is available under ORS 215.429. We review that determination for legal error. *State ex rel Schrodt v. Jackson County*, 262 Or App 437, 443, 324 P3d 615 (2014).

ORS 215.429 authorizes a court to order a county to approve "an application for a permit, limited land use decision or zone change" when the county does not act within the statutory timelines for approval, in this case, 150 days. ORS 215.429(1). Kine contends, as he did below, that his application for a legal-lot-of-record determination is an application for a "permit" within the meaning of ORS 215.429; he does not contend it is for a "limited land use decision or zone change." Thus, we confine ourselves to the question of whether it is a "permit" for the purposes of resolving this appeal.

"Permit," as defined by ORS 215.402(4), for purposes of ORS 215.429(1), "means discretionary approval of a proposed development of land." ORS 215.402(4). Accordingly, two elements must be present for Kine's application for a legal-lot-of-record determination to qualify as an application for a

"permit." *Schrodt*, 262 Or App at 446-47. First, the approval sought must be "discretionary" within the meaning of ORS 215.402(4). *Id*. at 446. In this context, that means the determination whether to grant the approval must have called for some exercise of judgment or engage in some form of evaluation, as distinct from making a decision under clear and objective criteria. *Id*. at 445-46. Second, the approval sought must be for something that constitutes a "proposed development of land" within the meaning of ORS 215.402(4). *Id*. at 446-47.

In this case, even if the approval of Kine's application called for the type of evaluative judgment that qualifies as "discretionary"—something the parties vigorously dispute and we do not decide—it does not seek approval for a "proposed development of land" as we have interpreted that phrase.

In *Clark v. City of Albany*, we considered whether an application to annex property to a city was one for the approval of a "proposed development of land" within the meaning of ORS 227.160(2), the parallel provision to ORS 215.402(4) in the statutes governing land use decisions by cities. 142 Or App 207, 210-12, 921 P2d 406 (1996); *see Schrodt*, 262 Or App at 447 (looking to the parallel statutory provisions governing land use decision by cities in construing provisions governing counties). We concluded that it was not. We reasoned that annexation involved the extension of boundaries to encompass certain areas of land. That type of decision about whether to extend boundaries did not, itself, address development because it did not require an evaluation of the uses to which the land might be put. *Clark*, 142 Or App at 211 (annexation proposal was not one for the "proposed development of land" because it did "not encompass 'development' of the land or any other particular decision as to the specific uses to which land may be put"); *see also Schrodt*, 262 Or App at 447 (explaining that "we, too, previously have recognized that, to constitute an 'approval of a proposed development of land,' a land use decision ordinarily must involve some decision regarding 'permissible or permitted uses of the land'").

        In this case, Kine's application for recognition of 11
legal lots of record did not seek a determination that par-
ticular uses were allowed on the land in question. It sim-
ply sought a determination that the land in question was
made up of 11 legal lots of record. In our view, divorced from
any request for approval of a particular use, it is difficult to
distinguish from the request for annexation that we held
in *Clark* was not a request for the approval of a "proposed
development in land."

        Kine nevertheless argues that application for a legal-
lot-of-record determination should be treated as a request
for the approval of a proposed development of land. He
observes that, even if the application does not itself request
a determination of permissible land uses, the Deschutes
County Code makes a legal-lot-of-record verification a nec-
essary prerequisite to the approval of any subsequently pro-
posed development of the land. Because lot verification is a
necessary prerequisite to any eventual approval of develop-
ment, Kine reasons that the determination he seeks should
be treated as a request for the approval of development of
land, notwithstanding the fact that it does not propose any
particular use or development.

        Assuming Kine's reading of the Deschutes County
Code is correct, we rejected a virtually identical argument
in *Clark*. There, the mandamus petitioner stated that the
request for the approval annexation should be viewed as a
request for the approval of a proposed development of land
because the approval of the annexation request was the
first step in a plan for further development. *Clark*, 142 Or
App at 211-12. We observed that, regardless, the request for
annexation was distinct from any proposed further devel-
opment because the "application for annexation could well
have been approved but [the] ultimate development denied
for any number of reasons." *Id*. at 211. The same holds true
here. Even if the county had approved the application for
the requested legal-lot-of-record determinations, any subse-
quently proposed development could have been denied for a
range of reasons. Under our reasoning in *Clark*, which sep-
arated the proposed decision to extend boundaries from any
subsequent potential decision about the use of the land in

question, a request for a determination of lot-of-record status, even if a necessary antecedent to the approval of subsequently proposed development, does not constitute a request for the approval of a proposed development of land.

We therefore conclude that Kine's application was not an application for approval of a proposed development of land. As a result, ORS 215.429 did not supply a basis for the trial court to grant petitioner the requested mandamus relief. The court correctly dismissed the petition.

Turning to the question of attorney fees, we agree with the HOAs that Kine did not preserve his contention that the trial court's award fails to reflect that the court gave adequate consideration to the ORS 20.075(1) factors in making its ruling. Although the court gave Kine the chance to raise any issue with the award after it made its ruling, Kine did not at that point contest the adequacy of the court's consideration of those factors, and also did not invoke ORCP 68 to formally request any special findings. Because the issue is not preserved, we do not consider it further.

Affirmed.