**Tiffani CARTWRIGHT and Larhonda Cartwright**

v.

**THOMAS JEFFERSON UNIVERSITY HOSPITAL et al.**

No. CIV A 00–1305.

United States District Court, E.D. Pennsylvania.

June 8, 2000

---

*Id.*

Russell Wesley Moss, Philadelphia, PA, for plaintiffs.

Donald Ladd, Noreen Kemether, Philadelphia, PA, for defendants.

## MEMORANDUM

DALZELL, District Judge.

Plaintiffs' motion to remand raises an interesting and little addressed question of removal procedure.

Plaintiffs Tiffani Cartwright and Larhonda Cartwright allege in this action that on April 3, 1998, Tiffani Cartwright, a minor, was injured in a fall and taken to the Thomas Jefferson University Hospital ("Jefferson") Emergency Department for treatment. This case stems from allegedly deficient treatment Jefferson and associated physicians rendered to Tiffani Cartwright.

The Cartwrights filed this action in the Philadelphia Court of Common Pleas.

They alleged (i) negligence against Sharon Griswold, M.D. and Alan Dias, M.D., the physicians who allegedly treated Tiffani; (ii) vicarious liability and corporate liability against Jefferson; (iii) violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTLA") against Jefferson; and (iv) negligent infliction of emotional distress against Jefferson, Griswold, and Dias.

Griswold was served with the Complaint on February 29, 2000 and on March 10, 2000 removed the case to this Court, noting that we had jurisdiction over this action as a case involving a federal question under 28 U.S.C. § 1331. In response, the Cartwrights have filed a motion to remand that contends Griswold was not entitled to file a notice of removal because the EMTLA count of the Complaint was asserted against Jefferson, not Griswold, and no EMTLA claim could in fact be made against Griswold.[1] They also argue that the only defendant who could seek removal is Jefferson, and that there is no separate and independent claim against Griswold that is within 28 U.S.C. § 1331 and that would render the case removable.[2]

Griswold contends that this Court has original jurisdiction over this case by virtue of 28 U.S.C. § 1331 because plaintiffs have asserted a claim under 42 U.S.C. § 1395dd. Additionally, she notes that Jefferson, once it was served[3], would also seek removal, and she takes plaintiffs to task for failing to cite any case law to support their contention that only Jefferson could remove the case.

We begin our analysis with the removal statute. 28 U.S.C. § 1441 states:

---

1. Under 42 U.S.C. § 1395dd(d)(2)(A), an "individual who suffers personal harm" as a result of an EMTLA violation may obtain damages "in a civil action against the participating hospital", but this provision contains no reference to any action available against individual physicians.

2. It is thus apparent that plaintiffs' motion is in essence a claim of a defect in the removal procedure pursuant to 28 U.S.C. § 1447(c).

3. There is nothing in the record to suggest that Jefferson had been served as of the date of removal. Since the motion to remand was briefed, it appears that Jefferson and Dias have been served, as their Answer to the Complaint was docketed on April 28, 2000.

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

A defendant must remove a case within thirty days after the defendant's service of the initial pleading setting forth the plaintiff's claim for relief, *see* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 1329–30, 143 L.Ed.2d 448 (1999).

■ In general, "the removal statute should be strictly construed, and all doubts should be resolved in favor of remand," *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985). Moreover, the burden of establishing removal jurisdiction rests with the defendant, *see Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir. 1995); *see also Abels,* 770 F.2d at 29.[4]

We note initially that the EMTLA claim, based on federal law, would have granted

us original jurisdiction over this case under 28 U.S.C. § 1331 had it been brought here in the first instance. As the various state law tort claims against the defendants arise from the same nucleus of facts as the EMTLA claim, we unquestionably may hear the state law claims as supplemental under 28 U.S.C. § 1367(a).[5] There is thus no question that, if properly removed, we have jurisdiction to hear this case. The question before us therefore devolves to whether the case was indeed properly removed to us.

■ As discussed above, the Cartwrights raise the question of whether Griswold, who is not named in the EMTLA count of the Complaint, had standing to remove. "[I]t is well established that removal generally requires unanimity among the defendants," *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995).[6] In a case with co-defendants where one defendant is served more than thirty days before other defendants, many courts and one important commentator conclude that if the first-served defendant fails to remove the case, that defendant is precluded from later consenting to removal by a new defendant joined after the thirty day period, *see, e.g., Yellow Cab Co. v. Gasper,* 994 F.Supp. 344, 346–47 (W.D.Pa.1998) (noting that "[t]he majority" of courts and *Moore's Federal Practice* espouse this position, and also noting that "[t]he Third Circuit has not yet decided this question").

4. Thus, Griswold's complaint that the plaintiffs cite no case law in support of their argument is misplaced in view of the legal reality that it is Griswold's burden to show the propriety of removal. In her own one and one-quarter page response to the motion to remand, Griswold herself cites no decision on the issue, for example, of whether a defendant not named in the sole federal law count of a multi-count, multi-defendant state court Complaint may in fact remove that case to federal court. The single case that Griswold does cite goes instead to the issue of whether a civil claim against a hospital may properly raised under EMTLA, an issue that plaintiffs do not appear to dispute.

5. As noted in the margin above, the plaintiffs do not appear to dispute that we have subject matter jurisdiction over the case, particularly as they concede that Jefferson is the only party that could properly remove, *see* Mot. to Remand ¶ 1(d).

6. On the other hand, defendants who have not been served at the time removal is filed—such as Jefferson and Dias in this case—need not join in the removal or otherwise consent to it, *see, e.g., Ogletree v. Barnes,* 851 F.Supp. 184, 187 (E.D.Pa.1994). Of course, this rule requiring unanimity demonstrates conclusively that a defendant situated as Griswold would at least have to consent to any removal.

Conversely, Wright and Miller contend with much force that such a result is unfair because it denies the later-served defendants of an opportunity to convince the first-served defendant to join in removal, *see* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3732 at 336–39 (3d ed.1998) (hereinafter "Wright & Miller"). *See also Yellow Cab Co.,* 994 F.Supp. at 348–49 (discussing the dissent between Wright and Miller and *Moore's* and citing case law on both sides). Wright and Miller correctly note that this unfairness is avoided when all defendants are served simultaneously, in which case the one defendant veto is effective because it is made after a full thirty day opportunity for the other defendants to convince the dissenter to change its view, *see* 14C Charles Alan Wright, Edward H. Cooper, Arthur R. Miller § 3732 at 336–39.

■■■ Given the risk that *Moore's* and *Yellow Cab* describe, it seems to us that if a case is removable, any defendant, including a defendant not named in any federal-law count, must be permitted to file a notice of removal. A contrary rule would permit a plaintiff to defeat removal by the simple gambit of manipulating the order of service of process on various defendants.[7] Congress surely never intended that the rights it confers could be so easily snuffed out by adverse parties.

Thus, the removal here is not defective simply because it was Griswold and not Jefferson who filed the notice of removal, and we will consequently deny plaintiffs' motion to remand.

---

**7.** Even if the rule regarding later-served defendants were otherwise, the requirement that all defendants join in any removal shows that a defendant like Griswold could initiate such removal.