Submitted October 31, judgment of conviction on count 1 reversed and remanded with instructions to enter a judgment of conviction for fourth-degree assault; otherwise affirmed December 5, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL SCOTT STURGEON,
*Defendant-Appellant.*

Washington County Circuit Court
D102250M; A147081

291 P3d 808

Peter Gartlan, Chief Defender, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Justice J. Rillera, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted after a jury trial of fourth-degree assault constituting domestic violence (Count 1), ORS 163.160; ORS 132.586, and harassment (Count 2), ORS 166.065. He was sentenced to probation and ordered to pay, among other amounts, $610 in attorney fees. On appeal, he raises two assignments of error, neither of which he preserved. *See* ORAP 5.45(1) (although appellate court generally will not review unpreserved claims of error, we may consider "plain error"—that is, "an error of law apparent on the record"—if certain conditions are satisfied).

In his first assignment of error, defendant argues that the trial court erred in not *sua sponte* entering a judgment of acquittal for fourth-degree assault constituting domestic violence, *see* ORS 132.586, because there is no evidence that he and the victim were family or household members. Consequently, defendant argues, we should reverse that conviction and enter a judgment of conviction for fourth-degree assault *without* the element of domestic violence. The state concedes the error, and we agree. "Domestic violence" for this purpose means "abuse between family or household members." ORS 132.586(1); ORS 135.230(3). "Family or household members," in turn, is defined to include "[p]ersons cohabiting with each other." ORS 135.230(4)(d). In *State ex rel Juv. Dept. v. C. M. C.*, 243 Or App 335, 339, 259 P3d 938 (2011), we held that "cohabiting," as used in ORS 135.230(4)(d), "refers to a domestic arrangement between a man and a woman who are not married to each other, but who live as husband and wife, in that, for more than a brief period of time, they share a common domicile and living expenses and are sexually intimate." (Internal quotation marks omitted.) Here, the victim was the adult son of defendant's live-in girlfriend. Thus, defendant and the victim were not "cohabiting" within the meaning of ORS 135.230(4)(d). Nor does their relationship otherwise fall within the definition of "family or household members" in the statute. We also conclude—and the state does not dispute—that it is appropriate for us to review and correct the error as "plain error." *See State v. Inloes*, 239 Or App 49, 54-55, 243 P3d 862 (2010) (correcting as plain error the

defendant's challenge to the sufficiency of the evidence given the gravity of the error and intervening change in the law).

In his second assignment of error, defendant contends that the trial court erred in requiring him to pay $610 in attorney fees because there was insufficient evidence in the record to show that he had the ability to pay those costs. That error is also unpreserved, and we decline to address it. *See State v. Larson*, 222 Or App 498, 505 n 4, 193 P3d 1042, *rev den*, 345 Or 503 (2008) (any error in requiring defendant to pay defense costs was not plain error because it could be inferred from the record that defendant had sufficient assets to pay the awarded costs).

Judgment of conviction on count 1 reversed and remanded with instructions to enter a judgment of conviction for fourth-degree assault; otherwise affirmed.