Submitted June 18, judgment of conviction on Count 8 reversed and remanded with instructions to enter a judgment of conviction for fourth-degree assault; remanded for resentencing; otherwise affirmed September 10, 2014, petition for review denied February 5, 2015 (356 Or 690)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JAMES McKARGE,
aka James McKarge,
*Defendant-Appellant.*

Multnomah County Circuit Court
110933908; A151891

335 P3d 1279

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Edmonds, Senior Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

In this criminal case, defendant appeals the trial court's judgment convicting him of multiple crimes. He raises four assignments of error. We write only to address defendant's first assignment of error, in which he asserts that the trial court erred in failing to enter a judgment of acquittal on Count 8 of the indictment, which charged him with "assault in the fourth degree - constituting domestic violence" for physically injuring his stepdaughter, S. Defendant does not dispute that he assaulted S, but he does dispute that the assault constituted domestic violence. He argues that "domestic violence" is "abuse between family or household members," ORS 135.230(3), and that he and S were not "family or household members," ORS 135.230(4). The state concedes that defendant and S were not family or household members. For the reasons explained below, we agree with the parties that the trial court erred in concluding that defendant's assault of S constituted domestic violence. We reject without written discussion defendant's remaining three assignments of error.[1] Accordingly, we reverse defendant's conviction for assault in the fourth degree constituting domestic violence and remand to the trial court for entry of a judgment of conviction for the lesser-included offense of assault in the fourth degree, and we otherwise affirm.

The relevant facts are few, and we state them in the light most favorable to the state. *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999) (when reviewing a trial court's denial of a motion for a judgment of acquittal, we view the evidence in the light most favorable to the state). Defendant was married to Rose McKarge, but the two were estranged. McKarge lived in her own home with two of her three daughters, including S. One night, defendant went to McKarge's home, where an altercation ensued that involved McKarge, her three daughters, and the boyfriend of one of the daughters. Following the altercation, the state brought a 13-count indictment against defendant. In Count 8, which is

---

[1] In those assignments, defendant asserts that the trial court erred by failing to enter a judgment of acquittal on Count 13 (second assignment), instructing the jury that it could find defendant guilty by nonunanimous verdicts (third assignment), and accepting the jury's verdicts after instructing the jury that its verdicts need not be unanimous (fourth assignment).

entitled "assault in the fourth degree - constituting domestic violence," the state alleged that defendant assaulted S and further alleged that, at the time of the assault, defendant was S's stepfather.

At trial, in support of Count 8, the state presented evidence that, during the altercation at McKarge's home, defendant caused physical injury to S, who was a minor. McKarge and her three daughters testified that defendant did not live at McKarge's home and was not part of their family. A jury found defendant guilty of nine of the charged counts, including Count 8.

As mentioned, on appeal, defendant challenges his conviction on Count 8 on the ground that his assault of S did not constitute "domestic violence," ORS 135.230(3), because he and S were not "family or household members," ORS 135.230(4). The state agrees that defendant and S were not "family or household members," and, for the reasons explained below, so do we.

ORS 132.586 authorizes the state to plead and prove that a crime involved domestic violence. It provides:

"(1) As used in this section, 'domestic violence' has the meaning given that term in ORS 135.230.

"(2) When a crime involves domestic violence, the accusatory instrument may plead, and the prosecution may prove at trial, domestic violence as an element of the crime. When a crime is so pleaded, the words 'constituting domestic violence' may be added to the title of the crime."

In turn, ORS 135.230(3) defines "domestic violence" as "abuse between family or household members," and ORS 135.230(4) defines "family or household members" as "any of the following":

"(a) Spouses.

"(b) Former spouses.

"(c) Adult persons related by blood or marriage.

"(d) Persons cohabiting with each other.

"(e) Persons who have cohabited with each other or who have been involved in a sexually intimate relationship.

"(f) Unmarried parents of a minor child."

In this case, there is no evidence in the record that defendant and S were "family or household members," as defined by ORS 135.230(4), at the time of defendant's assault of S. There is no evidence that they were spouses, former spouses, adult persons related by blood or marriage, persons who were cohabiting with each other, persons who had cohabited with each other, persons who had been in a sexually intimate relationship, or the unmarried parents of a minor child.

As mentioned, in the indictment the state alleged that defendant was S's stepfather. Thus, it is possible that the state believed that defendant and S were "family or household members," as defined by ORS 135.230(4), because they were related by marriage. But, that belief would have been incorrect. The portion of the definition of "family or household members" that refers to "persons related by * * * marriage," ORS 135.230(4)(c), is limited to "*[a]dult* persons related by * * * marriage," *id.* (emphasis added). It does not apply in this case, because S was a minor at the time of the assault.

It is also possible that the state believed that defendant and S had cohabited with each other. But, that belief also would have been incorrect. As used in the definition of "family or household members," "cohabiting" means "living in the same residence in a relationship akin to that of spouses." *State ex rel Juv. Dept. v. C. M. C.*, 243 Or App 335, 339, 259 P3d 938 (2011). In this case, there was no evidence that defendant and S had lived together, much less that they had lived together in a relationship akin to spouses.

Because, as the state concedes, the record contains no evidence to support defendant's conviction for fourth-degree assault constituting domestic violence, we reverse defendant's conviction on Count 8 and remand for entry of a judgment of the lesser-included offense of fourth-degree assault, and we otherwise affirm. *See, e.g., State v. Sturgeon*, 253 Or App 789, 790-91, 291 P3d 808 (2012) (reversing the defendant's conviction for fourth-degree assault constituting domestic violence because the defendant and the victim, who was the adult son of the defendant's live-in girlfriend, were not family or household members and remanding with instructions to enter a conviction for fourth-degree assault).

Judgment of conviction on Count 8 reversed and remanded with instructions to enter a judgment of conviction for fourth-degree assault; remanded for resentencing; otherwise affirmed.