Argued and submitted October 15, 2019, reversed and remanded December 9;
on respondent's petition for reconsideration filed December 16, 2020,
reconsideration allowed by opinion March 10, 2021
See 309 Or App 757, ___ P3d ___ (2021)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY C. NEWTON,
aka Anthony Carl Newton,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR79797; A167654

477 P3d 417

Leslie G. Bottomly, Judge.

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.*

PER CURIAM

Reversed and remanded.

_____

* Egan, C. J., *vice* Hadlock, J. pro tempore.

**PER CURIAM**

Defendant was convicted of strangulation constituting domestic violence, ORS 163.187(2), by nonunanimous jury verdict. On appeal, defendant argues that (1) the trial court erred by refusing to instruct the jury that it must find that defendant lacked the alleged victim's consent when he choked her and (2) the court's acceptance of a nonunanimous verdict constitutes plain error under the Sixth Amendment to the United States Constitution. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court concluded that nonunanimous jury verdicts violate the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constitutes plain error. Further, the Supreme Court exercised its discretion to correct that plain error because of its gravity and because failure to raise the issue in the trial court did not weigh heavily against correction. Even if the issue had been raised, the trial court would not have been able to correct the error under Oregon law as it existed at that time.

The state concedes, and we agree, that the trial court's acceptance of a nonunanimous verdict on the strangulation count constitutes plain error. In light of that concession, we need not address defendant's first assignment of error concerning instructional error related to strangulation and lack of consent. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case.

Reversed and remanded.