On respondent's petition for reconsideration filed December 16, 2020; petition for reconsideration allowed, former opinion (307 Or App 842, 477 P3d 417) withdrawn, affirmed March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY C. NEWTON,
aka Anthony Carl Newton,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR79797; A167654

483 P3d 61

The state petitions for reconsideration of *State v. Newton*, 307 Or App 842, 477 P3d 417 (2020), contending that the Court of Appeals misunderstood the scope of its concession and request for remand in light of *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Specifically, the state argues that it conceded error only as to the "constituting domestic violence" element of defendant's conviction and not to the felony strangulation conviction itself, and that the Court of Appeals should not have reversed the strangulation conviction because that verdict was unanimous. *Held*: The Court of Appeals allowed the state's petition for reconsideration and withdrew its former opinion. The court acknowledged that, because the jury was unanimous on the strangulation conviction, it should not have reversed and remanded the case as to that conviction. However, the trial court's amended judgment reflects that defendant was not convicted of strangulation constituting domestic violence. He was convicted of strangulation. The Court of Appeals concluded that there was, thus, no reason to reverse and remand. The court further rejected defendant's first assignment of error without discussion.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.

Leslie G. Bottomly, Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, for petition.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

MOONEY, J.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.

**MOONEY, J.**

The state petitions for reconsideration of our opinion in *State v. Newton*, 307 Or App 842, 477 P3d 417 (2020), contending that we misunderstood its earlier concession. Specifically, the state argues that it had conceded error, based on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (concluding that convictions for serious offenses based on nonunanimous verdicts violate the Sixth Amendment to the United States Constitution), only as to the "constituting domestic violence" element of defendant's conviction and not as to the underlying crime of felony strangulation, and that we should have remanded for a limited retrial of the domestic violence element only. We acknowledge that we misconstrued the state's concession. We allow reconsideration and withdraw our former opinion. As we explain below, the state's "concession" was to that part of defendant's strangulation conviction that constituted "domestic violence." But defendant was not convicted of that crime. He was convicted of felony strangulation without the additional element of domestic violence, and we affirm that conviction.

Defendant was charged with felony strangulation constituting domestic violence.[1] ORS 163.187(4) (2017);[2] ORS 132.586. The crime was alleged as a felony, on the ground that it was committed in the immediate presence of the victim's minor child.[3] *See* ORS 163.187(4)(a) (elevating the crime from a Class A misdemeanor to a Class C felony in that circumstance). When a crime involves domestic violence, the prosecutor may so plead, adding "constituting domestic violence" to the title of the crime, as it did here. ORS 132.586(2). "Domestic violence" is defined for that purpose as "abuse between family or household members." ORS

---

[1] Defendant was also charged with fourth-degree assault constituting domestic violence, but the court dismissed that count after the jury was unable to reach a verdict.

[2] We refer in this opinion to the 2017 version of ORS 163.187, which was in effect when defendant committed the conduct at issue. The statute has since been amended.

[3] In 2018, the legislature amended ORS 163.187 to also make strangulation a felony if "[t]he victim is a family or household member, as defined in ORS 135.230, of the person." *See* ORS 163.187(4)(c); Or Laws 2018, ch 85, § 1. However, as noted, those amendments do not apply in this case.

132.586(1); ORS 135.230(3). "Abuse," in turn, is defined, as relevant here, to mean "[i]ntentionally, knowingly or recklessly placing another in fear of imminent serious physical injury." ORS 135.230(1)(b).

Thus, in addition to deciding the elements of felony strangulation, the jury in this case was also required to determine whether, at the time of the alleged conduct (1) defendant and the victim were "family or household members" (defined in ORS 135.230(4)(e)), and (2) defendant "intentionally, knowingly or recklessly place[d the victim] in fear of imminent serious physical injury." The jury was instructed, over defendant's objection, that 10 or more jurors were required to reach a verdict, and that at least 10 of the same jurors who found defendant guilty of strangulation must agree to the additional questions necessary to prove domestic violence. Defendant objected to the nonunanimous jury instruction and contended that acceptance of even a unanimous verdict was error, given those instructions.

The jury unanimously found defendant guilty of felony strangulation. As to the additional domestic violence questions, the jury answered "yes" to the first—by a nonunanimous vote—but "no" to the second. Thus, in accordance with the jury's verdict, the trial court ruled that the state had *not* proved the "constituting domestic violence" element,[4] and it ultimately entered a judgment of conviction for felony strangulation *without* the "constituting domestic violence" element.[5] To be clear, defendant was not convicted of strangulation constituting domestic violence.

---

[4] The trial court rejected the state's argument that the elements of strangulation itself include the physical injury element necessary to prove abuse for purposes of domestic violence.

[5] The trial court initially entered a judgment reflecting that defendant had been convicted of felony strangulation constituting domestic violence, but later corrected the judgment. The amended judgment was entered after defendant filed his notice of appeal, but before he filed his opening brief. Nevertheless, defendant included the earlier, incorrect version of the judgment in the excerpt of record submitted with his opening brief. The state apparently did not recognize that mistake and, with its partial concession, unwittingly perpetuated it. But the jury's answers to the additional questions on the verdict form did not support a finding of domestic violence and the court ultimately did not convict defendant of felony strangulation constituting domestic violence. The state's request that we remand on the domestic violence element is thus superfluous.

On appeal, defendant raised three assignments of error. The first challenged the trial court's failure to instruct the jury that it must find lack of consent on the strangulation charge. In his remaining assignments, defendant argued that the court erred in instructing the jury that it could return a nonunanimous verdict and in accepting a nonunanimous verdict. The state submitted a partial concession—that is, the state purported to concede that the trial court erred in accepting the jury's nonunanimous verdict on the question whether defendant and the victim were family or household members—and urged us to reverse and remand on the domestic violence question only. We misread the state's concession and reversed and remanded on the strangulation count. We did not reach defendant's first assignment of error. On reconsideration, the state again asks us to reverse and remand as to the domestic violence element, but to affirm defendant's conviction for strangulation. Defendant was not convicted of felony strangulation constituting domestic violence. We therefore allow the state's petition for reconsideration, withdraw our former opinion, reject defendant's first assignment of error without discussion, and affirm the judgment.

It is clear that the trial court erred in instructing the jury that it could return a nonunanimous guilty verdict. *Ramos*, 590 US at ___, 140 S Ct at 1396-97. However, in *State v. Flores Ramos*, 367 Or 292, 319, 334, 478 P3d 515 (2020), the Oregon Supreme Court explained that, as to unanimous verdicts, a trial court's nonunanimous jury instruction did not amount to structural error and was harmless beyond a reasonable doubt. That case controls the outcome here. The jury's verdict as to the crime of felony strangulation, ORS 161.187(4), was unanimous. Although the jury was not unanimous as to one of the two questions necessary for proving domestic violence, the jury did not ultimately find defendant guilty of that additional element. The trial court properly entered a judgment of conviction for felony strangulation. There is nothing to remand. *See State v. McKarge*, 265 Or App 399, 402, 335 P3d 1279 (2014), *rev den*, 356 Or 690 (2015) (reversing the defendant's conviction for fourth-degree assault constituting domestic violence and remanding for entry of judgment of the lesser-included offense of

fourth-degree assault where the record was insufficient to prove the element of "constituting domestic violence" under ORS 132.586); *State v. Sturgeon*, 253 Or App 789, 790, 291 P3d 808 (2012) (correcting as plain error trial court's entry of judgment of conviction for fourth-degree assault constituting domestic violence where there was no evidence that the defendant and the victim were family or household members and instructing the court to enter a judgment of conviction for fourth-degree assault without that element).

Petition for reconsideration allowed; former opinion withdrawn; affirmed.